IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIERRA INTELECTUAL BORINQUEN, INC. § | | |
| § | | |
| Plaintiff, § | CIVIL ACTION NO. 2:13-cv-39 | |
| § | | |
| v. § | JURY TRIAL DEMANDED | |
| § | | |
| HTC CORPORATION, HTC AMERICA HOLDING, INC., HTC AMERICA, INC., HTC (B.V.I.) CORPORATION, and EXEDEA, INC., § § § § § | | |
| § | | |
| Defendants. § | | |

**COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Tierra Intelectual Borinquen, Inc. ("TIB"), through the undersigned attorneys, for its Complaint against HTC Corporation ("HTC Corp."), HTC America Holding, Inc. ("HTC Holding"), HTC America, Inc. ("HTC America"), HTC (B.V.I.) Corporation ("HTC BVI"), and Exedea, Inc. ("Exedea") (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin Defendants from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from TIB, from U.S. Patent No. 7,350,078 (the "'078 Patent") and U.S. Patent No. 7,725,725 (the "'725 Patent"), (attached hereto as Exhibits A and B, respectively) pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

## THE PARTIES

2.      Plaintiff TIB is a corporation organized under the laws of Puerto Rico with its principal place of business at 1414 Aldea St., Suite 402, San Juan, Puerto Rico 00907.

3.      Defendant HTC Corp. is a corporation organized and existing under the laws of Taiwan with its principal place of business at 23 Xinghau Road, Taoyuan 330, Taiwan, Republic of China. HTC Corp. is engaged in the design, manufacture, importation into the United States, and sale after importation into the United States of mobile devices and related software.

4.      Defendant HTC Holding is a wholly-owned subsidiary of HTC Corp. and is incorporated under the laws of the state of Washington with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.  HTC Holding can be served with process through its agent National Registered Agents, Inc., 17809 Barnes Blvd., SW Tumwater, Washington 98512-0410.  HTC Holding is engaged in the activities on behalf of its parent, HTC Corp., and is the parent company HTC America.

5.      Defendant HTC America is a wholly-owned subsidiary of HTC Holding and is incorporated under the laws of the state of Washington, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.  HTC America can be served with process through its agent National Registered Agents, Inc., 17809 Barnes Blvd., SW Tumwater, Washington 98512-0410.  HTC America performs several services to support the importation and sale of mobile devices and related software made by or on behalf of HTC Corp. into and within the United States, including marketing, repair, and after-sale services of mobile devices.

6. Defendant HTC BVI is a wholly-owned subsidiary of HTC Corp. and is incorporated under the laws of the British Virgin Islands with its principal place of business at 3F, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands. HTC BVI is engaged in activities on behalf of its parent, HTC Corp., and is the parent company of Exedea.

7. Defendant Exedea is a wholly-owned subsidiary of HTC BVI and is incorporated under the laws of the state of Texas with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036. Exedea imports mobile devices made by or on behalf of HTC Corp. into the United States and distributes and sells such mobile devices after their importation.

8. Defendants are in the business of making, using, selling, offering for sale and/or importing mobile devices.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§1 et seq.

10. This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as well as because of the injury to TIB and the cause of action TIB has raised, as alleged herein.

11. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute, due to at least their substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this District.

12. Defendants have conducted and do conduct business within this District, directly or through intermediaries, resellers, agents, or offer for sale, sell, and/or advertise (including the use of interactive web pages with promotional material) products in this District that infringe the '078 Patent and the '725 Patent (the "Asserted Patents").

13. In addition to Defendants' continuously and systematically conducting business in this District, the causes of action against Defendants are connected (but not limited) to Defendants' purposeful acts committed in this District, including Defendants' making, using, importing, offering for sale, or selling products which include features that fall within the scope of at least one claim of the Asserted Patents.

14. Venue lies in this District under 28 U.S.C. §§1391 and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District, and have committed and continue to commit acts of patent infringement in this District. For example, Defendants have used, sold, offered for sale, and/or imported infringing products in this District.

## JOINDER

15. Defendants are properly joined under 35 U.S.C. §299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling the same accused products. Specifically, as alleged in detail below, Defendants are alleged

to infringe the Asserted Patents with respect to the same mobile devices including, but not limited to, the HTC EVO™ 4G LTE mobile phone.

16. Defendants are properly joined under 35 U.S.C. §299(a)(2). Questions of fact will arise that are common to both defendants, including for example, whether Defendants' products have features that meet the features of one or more claims of the Asserted Patents, and what reasonable royalty will be adequate to compensate the owner of the Asserted Patents for its infringement.

17. Defendants use, make, sell, offer for sale and/or import mobile devices that infringe on the Asserted Patents.

18. At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product and/or process.

## FACTUAL ALLEGATIONS

### *The '078 Patent*

19. On March 25, 2008, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '078 Patent, entitled "User selection of computer login" after a full and fair examination.

20. TIB is presently the owner by assignment of the '078 Patent, having received all right, title, and interest in and to the '078 Patent from the previous assignee of record. TIB possesses all rights of recovery under the '078 Patent, including the exclusive right to recover for past infringement.

21. The '078 Patent contains five independent claims and eighteen dependent claims.

22. The inventions described in the '078 Patent include a computer-implemented method for creating a signature for subsequent authentication.

23. The computer-implemented method includes receiving user selection of at least one signal type among a plurality of selectable signal types. The computer-implemented method includes recording input data of at least one signal type from at least one user-selected input device among a plurality of selectable user input devices. Such a signal type comprises a category, among a plurality of possible categories, of measurable variable input associated with at least one user-selectable input device. At least one user-selectable input device affords recording a plurality of signal types.

24. This computer-implemented method also includes creating a signature comprising, at least in part, a portion of said input data of said user-selected signal types.

25. The computer-implemented method includes storing said signature.

*Defendants' Infringement of the '078 Patent*

26. Defendants' portable computing products, including but not limited to the HTC EVO™ 4G LTE mobile phone, (the "Infringing Products") perform a computer-implemented method for creating a signature for subsequent authentication.

27. The computer-implemented method performed by the Infringing Products includes receiving user selection of at least one signal type among a plurality of selectable signal types. The Infringing Products, including but not limited to the HTC EVO™ 4G LTE mobile phone, have a menu that allows users to select a mode (signal type), among several, to unlock the product. For example, the user may select the face

recognition, password, pin, pattern, or slide mode (selectable signal types) to unlock the product.

28. The computer-implemented method performed by the Infringing Products include recording input data of at least one signal type from at least one user-selected input device among a plurality of selectable user input devices. Once the user has selected a mode to unlock the product, the product then prompts the user to provide a certain data that varies depending on the mode selected. For example, if the user selects the password mode, the input would consist of a series of characters entered using the touchscreen. In this example, this series of characters is subsequently used to verify the user, thus unlocking the product. In another example, if the user selects the face recognition mode, the input would consist of an image of the user's face captured with the product's camera. In this example, the image of the user's face is subsequently used to verify the user, thus unlocking the product.

29. The signal types selected in the previous examples comprise each a category, among a plurality of possible categories, of measurable variable input associated with at least one user-selectable input device from at least one user-selected input device among a plurality of selectable user input devices. The password mode uses the touchscreen as an input device, while the face recognition mode uses the camera as an input device.

30. The computer-implemented method performed by the Infringing Products includes at least one user-selectable input device that affords recording a plurality of signal types. For example, the touchscreen (input device) can be used to record a password, pin, or patterns (signal types) depending on the mode selected.

31. The computer-implemented method performed by the Infringing Products includes creating a signature comprising at least in part a portion of said input data of said user-selected signal types. For example, the signature is created using the password entered by the user (in the password mode).

32. The computer-implemented method performed by the Infringing Products includes storing said signature. For example, the signature created using the password entered by the user (in the password mode) is stored to authenticate the user in subsequent unlock attempts.

### The '725 Patent

33. On May 25, 2010, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '725 Patent, entitled "User-Selectable Signatures."

34. TIB is presently the owner by assignment of the '725 Patent, having received all right, title, and interest in and to the '725 Patent from the previous assignee of record. TIB possesses all rights of recovery under the '725 Patent, including the exclusive right to recover for past infringement.

35. The '725 Patent contains three independent claims and seventeen dependent claims.

36. The invention described in the '725 Patent include a computer-implemented process for creating a signature based on user input signals from user-selectable input devices.

37. The patented computer-implemented process includes the step of receiving user indication of signature input recording. The process also includes recording user

input signals by type from at least one user-selected device among a plurality of selectable user input devices connected to a single computer. Such signal comprises a set of related software-recognizable data of the same type received from at least one input device. In the patented process, a signal type includes a category of measurable variable input associated with at least one user-selectable input device. At least one user-selectable input device affords recording a plurality of signal types. The process further includes terminating the recording, storing at least a portion of the recording, and creating a signature based at least in part upon at least a portion of the stored recording. Finally, the signature created is stored.

*Defendants' Infringement of the '725 Patent*

38. Defendants' portable computing products, including but not limited to the Infringing Products perform a computer-implemented process for creating a user-selectable signature.

39. The computer-implemented method performed by the Infringing Products includes receiving user indication of signature input recording. The Infringing Products, including but not limited to the EVO™ 4G LTE mobile phone, have a menu that allows users to select a mode (i.e., signal type), among several options, to unlock the screen of the device. For example, the user may select the face recognition, password, pin, pattern, or slide mode (i.e., selectable signal types) to unlock the screen of the device.

40. The computer-implemented method performed by the Infringing Products include user input signals by type from at least one user-selected device among a plurality of selectable user input devices connected to a single computer. When operating the Infringing Products, once the user has selected a mode to unlock the product, the product

then prompts the user to provide certain data, which varies depending on the mode selected. For example, if the user selects the password mode, the input would consist of a series of characters entered using the touch screen. In this example, this series of characters is subsequently used to verify the user, thus unlocking the screen. In another example, if the user selects the face recognition mode, the input would consist of an image of the user's face captured with the product's camera. In the second example, the image of the user's face is subsequently used to verify the user, thus unlocking the product. In performing this step, the device's camera serves as input device.

41. The signal types selected in the previous examples comprise a category of measurable variable input associated with at least one user-selectable input device.

42. The computer-implemented process performed by the Infringing Products includes at least one user-selectable input device that affords recording a plurality of signal types. For example, the touch screen (input device) can be used to record a password, pin, or patterns (i.e., a plurality of signal types) depending on the user's selection.

43. The computer-implemented process performed by the Infringing Products includes creating a signature based at least in part upon at least a portion of the stored recording. For example, the signature is created using the password entered by the user (e.g., password mode).

44. The computer-implemented process performed by the Infringing Products includes storing said signature. For example, the signature created using the password entered by the user (e.g., password mode) is stored in order to authenticate the user in subsequent unlock attempts.

## COUNT I: DIRECT INFRINGEMENT OF THE '078 PATENT

45. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-44.

46. Taken together, either partially or entirely, the features included in the Infringing Products, including but not limited to the HTC EVO™ 4G LTE mobile phone, perform the process recited in one or more of the claims of the '078 Patent.

47. Defendants directly infringe one or more of the claims of the '078 Patent by making, using, selling, offering to sell and/or importing a computer-implemented method for creating a signature for subsequent authentication described in the '078 Patent in violation of 35 USC § 271(a).

## COUNT II: INDIRECT INFRINGEMENT OF THE '078 PATENT

*Inducing Infringement*

48. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-47.

49. Defendants have had knowledge of infringement of the '078 Patent at least as of the service of the present complaint.

50. Defendants indirectly infringe one or more claims of the '078 Patent by actively inducing the infringement of their respective customers, users, and/or licensees who directly infringe by performing the patented process in violation of 35 USC § 271(b).

51. Defendants actively induce others, such as their customers, users, and/or licensees, to use the Infringing Products, including but not limited to the HTC EVO™ 4G

11

LTE mobile phone, that perform the process recited in one or more of the claims of the '078 Patent.

52. Such use by the Infringing Products performs the computer-implemented method identified in one or more of claims of the '078 Patent. For example, the HTC EVO™ 4G LTE mobile phone User Guide instructs, among others, its customers, users, and/or licensees to perform certain acts by virtue of their use of the HTC EVO™ 4G LTE mobile phone. Defendants' customers, users, and/or licensees perform those acts for use of the HTC EVO™ 4G LTE mobile phone.

*Contributory Infringement*

53. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-52.

54. With knowledge of the patent in suit, Defendants indirectly infringe the '078 Patent by contributing to the direct infringement of a class of actors which includes the end-users of the mobile devices, as well as costumers, users, and/or licensees, by encouraging the class of actors to use the Infringing Products which perform all the steps of the patented process as described in one or more claims of the '078 Patent, aware of the fact that such acts amount to infringement of one or more claims of the '078 Patent and with the specific intent to contribute to the infringement.

55. Defendants employ authentication methods in their mobile devices, including but not limited to the Infringing Products, which are components of a patented machine covered by one or more claims of the '078 Patent, constitute a material part of the invention, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

56. Defendants have known that such authentication method employed by their mobile devices, including but not limited to the Infringing Products, was especially made or especially adapted for use in infringement of the '078 Patent at least of the service of the present complaint.

57. In sum, Defendants indirectly infringe the '078 Patent by contributing to the direct infringement of one or more claims of the '078 Patent, in violation of 35 U.S.C. §271(c).

## COUNT III: DIRECT INFRINGEMENT OF THE '725 PATENT

58. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57.

59. Taken together, either partially or entirely, the features included in the Infringing Products, including but not limited to the HTC EVO™ 4G LTE mobile phone, perform the process recited in one or more of the claims of the '725 Patent.

60. Defendants directly infringe one or more of the claims of the '725 Patent by making, using, selling, offering to sell and/or importing the computer-implemented method for creating a user-selectable signature described in the '725 Patent in violation of 35 USC § 271(a).

## COUNT IV: INDIRECT INFRINGEMENT OF THE '725 PATENT

*Inducing Infringement*

61. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-60.

62. Defendants have had knowledge of infringement of the '725 Patent at least as of the service of the present complaint.

63. Defendants indirectly infringe one or more claims of the '725 Patent by actively inducing the infringement of their respective customers, users, and/or licensees who directly infringe by performing the patented process in violation of 35 USC § 271(b).

64. Defendants actively induce others, such as their customers, users, and/or licensees, to use the Infringing Products, including but not limited to the HTC EVO™ 4G LTE mobile phone, that perform all the steps of the process recited in one or more claims of the '725 Patent.

65. Such use by the Infringing Products performs the computer-implemented method identified in one or more of claims of the '725 Patent.  For example, the HTC EVO™ 4G LTE mobile phone User Guide instructs, among others, its customers, users, and/or licensees to perform certain acts for using HTC EVO™ 4G LTE mobile phone. Defendants' customers, users, and/or licensees perform those acts when using the HTC EVO™ 4G LTE mobile phone.

*Contributory Infringement*

66. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-65.

67. With knowledge of the patent in suit, Defendants indirectly infringe the '725 Patent by contributing to the direct infringement of a class of actors which includes the end-users of the mobile devices, as well as costumers, users,  and/or licensees, by encouraging the class of actors to use the Infringing Products which perform all the steps of the patented method as described in one or more claims of the '725 Patent, aware of

the fact that such acts amount to infringement of one or more claims of the '725 Patent and with the specific intent to contribute to the infringement.

68. Defendants employ authentication methods in their mobile devices, including but not limited to the Infringing Products, which are components of a patented machine covered by one or more claims of the '725 Patent, constitute a material part of the invention, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

69. Defendants have known that such authentication method employed by their mobile devices, including but not limited to the Infringing Products, was especially made or especially adapted for use in infringement of the '725 Patent at least of the service of the present complaint.

70. In sum, Defendants indirectly infringe the '725 Patent by contributing to the direct infringement of one or more claims of the '725 Patent, in violation of 35 U.S.C. §271(c).

## DEMAND FOR JURY TRIAL

71. TIB demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, TIB prays for the following relief:

1. That Defendants be adjudged to have infringed the Asserted Patents, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2. That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently

restrained and enjoined from directly and/or indirectly infringing the Asserted Patents;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate TIB for the Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5. That Defendants be directed to pay enhanced damages, including TIB's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6. That TIB have such other and further relief as this Court may deem just and proper.

Dated: January 22, 2013                    Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@bdavisfirm.com

*Of Counsel*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

**ATTORNEYS FOR PLAINTIFF
TIERRA INTELECTUAL
BORINQUEN, INC.**