UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TIERRA INTELECTUAL BORINQUEN, INC. Plaintiff<br><br>v.<br><br>HTC CORPORATION et al., Defendants | CASE NO. 2:13-cv-39-JRG<br>**CONSOLIDATED LEAD CASE** |
| TIERRA INTELECTUAL BORINQUEN, INC. Plaintiff,<br><br>v.<br><br>TOSHIBA CORPORATION, et. al., Defendants | CASE NO. 2:13-cv-47-JRG |

**PLAINTIFF TIERRA INTELECTUAL BORINQUEN, INC.'S MOTION TO STRIKE TOSHIBA'S EXPERT DECLARATION**

Plaintiff Tierra Intelectual Borinquen, Inc. ("TIB") respectfully submits this brief to strike Defendant Toshiba Corporation and Toshiba America Information Systems, Inc. (collectively "Toshiba") expert witness declaration included in their Responsive Claim Construction Brief (Dkt. No. 96 at Dkt. No. 96-4).

**I. INTRODUCTION**

Pursuant to P.R. 4-2, Defendants, HTC America, Inc., HTC Corporation and Toshiba served their Disclosure of Preliminary Claim Construction and Identification of Extrinsic Evidence on February 7, 2014 (hereinafter, "Defendant's 4-2"). In Defendant's 4-2, Toshiba included a brief line regarding the testimony of Sandeep Chatterjee ("Chatterjee"), but failed to include any declaration or statements made by Chatterjee. See, Exhibit 1, Defendant's 4-2. Chaterjee's brief line stated that "measurable variable input" was either indefinite, or in the alternative, be construed **in a manner different than what was presented in the Responsive**

**Claim Construction Brief.**[1] On February 28, 2014, the Parties filed their Joint Claim Construction and Prehearing Statement (Dkt. No. 89) where Toshiba failed to provide a summary of Chatterjee's testimony as required by P.R. 4-3(d).[2] It was on April 8th, 2014, when TIB received, for the first time, Chatterjee's declaration (or for that matter, a summary of his opinion in sufficient detail to permit a meaningful deposition of that expert) attached to Defendants' Responsive Claim Construction Brief. Toshiba's failure to timely disclose eviscerates both the letter and the spirit of the local rules and is contrary to the existing authority. Accordingly, TIB respectfully requests the Court to strike Toshiba's witness's declaration (Dkt. No. 96-4).

## II. APPLICABLE LAW

The local rules govern the conduct of the parties and the notion of fair play when preparing for a crucial event such as the Claim Construction Hearing. Precisely due to the importance of allowing each party reasonable access to the evidence to be presented in the Claim Construction Hearing, P.R 4-2 states:

> (b) At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

---

[1] Chatterjee's one-line statement included in Toshiba's P.R. 4-2 stated "measureable variable input" is indefinite, or in the alternative, should be construed to mean "a continuous input that varies over time and can be measured," or its equivalent."

[2] On April 15, 2014, Counsel for Plaintiff and counsel for Toshiba met and conferred regarding this issue. In said meet and confer, Toshiba indicated that it would not be calling Chatterjee as a witness for the Claim Construction Hearing. Accordingly, TIB's request is limited to the declaration included in the Responsive Brief. Notwithstanding, an agreement on the inclusion of the declaration was not possible.

Following the presentation of the P.R. 4-2 disclosures, the local rules further require the parties to timely disclose the use of any expert witnesses in such a manner so that the other party may have an opportunity to pursue discovery. To those effects, P.R. 4-3 states:

> Not later than 60 days after service of the "Invalidity Contentions," the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:
>
> …
> (b) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification … and testimony of percipient and expert witnesses;
> …

In Lodsys LLC. v. Brother Internaitonal Corp., et al., Case No. 2:11-cv-90 (JRG) 2013 WL 6442185 (E.D. Texas, March 12, 2013), this Court ruled against one of the defendants (Samsung) for failing to timely disclose their expert witness pursuant to P.R. 4-3(b), holding:

> Both the letter and the spirit of the Patent Rules require early and complete disclosure of extrinsic evidence relevant to claim construction. The sole exception to such production requirement involves the testimony of live witnesses, which is an exception borne out of necessity. Since a witness' testimony does not exist until called at a hearing or a deposition, a party that intends to rely on a witness' testimony may satisfy Patent Rule 4–2(b) by providing "a brief description of the substance of that witness' proposed testimony." In the context of the Patent Rules, this Court finds that a sworn declaration differs both substantively and procedurally from live or deposition testimony offered at a claim construction hearing.
> …
> The purposes of Patent Rule 4–3(b) is to ensure that each party makes a substantive and informative disclosure of any intended sworn declaration which they may seek to rely upon in their claim construction briefing. Samsung has not done this. Samsung may not merely drop a *hint* that it *may* use such a declaration to support its briefing. It must rather clearly indicate in the Joint Claim Construction Chart and Prehearing Statement that it intends to rely on a sworn declaration; identify the declarant; and identify the precise disputed claim terms which will be addressed thereby. To do anything less makes Patent Rule 4–3(b) essentially meaningless. *Id*. at page 2.

Accordingly, the letter and spirit of the rules demand that a disclosing party properly identify the expert on whose declaration they will rely on and provide a summary of his opinion so that the

receiving party may be in a responsible position to determine whether or not to take said expert's deposition in a timely manner. While Toshiba did identify the expert, in contrast to Samsung in the above cited case, Toshiba's disclosure and subsequent reliance on Chatterjee's declaration does not comply with the requirements of P.R. 4-2 and 4-3.

### III. ARGUMENT

**A. Toshiba was required, at a minimum, to provide an adequate summary of Chatterjee's proposed testimony.**

When Toshiba served TIB with its disclosures pursuant to P.R. 4-2, Toshiba limited its "summary" as to Chatterjee's opinion to strictly the following:

> "Testimony of Sandeep Chatterjee that 'measureable variable input" is indefinite, or in the alternative, should be construed to mean "a continuous input that varies over time and can be measured," or its equivalent.'" *See,* Defendant's 4-2 at page 3-4.

This brief one-liner is vastly inferior to the 10 page opinion signed by Chatterjee ("Chatterjee Decl.", included for the first time in the Responsive Claim Construction Brief). Chatterjee's declaration includes (for the first time) a copy of his curriculum vitae, six paragraphs dedicated to his background, four paragraphs dedicated to his determination of who is a person skilled in the art, and thirteen paragraphs dedicated to his interpretation of the term "measurable variable input". *See,* Chatterjee Decl at ¶2-7, 8-11, 14-25 respectively. None of this information was even hinted at during Toshiba's P.R 4-2 disclosure, or the Joint Claim Construction and Prehearing Statement. TIB has been denied a meaningful opportunity to pursue timely discovery as to Chatterjee's basis for his opinion or the extent of his declaration.

Toshiba also opted to rely on a different construction from the one cited in the P.R. 4-2 disclosure and the Joint Claim Construction and Prehearing Statement. Namely, Toshiba proposed the following construction for "Measurable Variable Input" in the before cited motions: "A continuous input that varies over time and can be measured." It was that construction that it

hoped to support with the brief statement from Chatterjee. Yet in the Responsive Claim Brief, Toshiba **alters** the construction it proposed in the P.R. 4-2 disclosure and the Joint Claim Construction and Prehearing Statement for the following: "A variable quantity that can be measured, in contrast to a discrete quantity or condition that can be identified exactly". See, Dkt. No. 96. Thus, Chatterjee's declaration supports an entirely different construction than the one Toshiba proposed in the P.R. 4-2 disclosure, and then represented to this Court in the Joint Claim Construction and Prehearing Statement.

Accordingly, allowing Toshiba to rely on their expert through his written opinion when said expert was not properly disclosed in Toshiba's P.R. 4-2 and the parties P.R. 4-3, would contradict both the letter and spirit of the rule.

## IV. CONCLUSION

For all of the above reasons, TIB respectfully requests that the Court strike Toshiba's expert declaration (Chatterjee) from the Responsive Claim Construction Brief.

**RESPECTFULLY SUBMITTED.**

Dated: April 16, 2014.                                              Respectfully Submitted,

By:

*/s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**

5

111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@bdavisfirm.com

**ATTORNEYS FOR PLAINTIFF TIERRA INTELECTUAL BORINQUEN, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 16th of April, 2014.

*/s/ Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel has complied with the meet and confer (in person) requirement in Local Rule CV-7(h).

*/s/ Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola