UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TIERRA INTELECTUAL BORINQUEN, INC.<br><br>                                  Plaintiff<br><br>    v.<br><br>HTC CORPORATION et al.,<br><br>                                  Defendants | CASE NO. 2:13-cv-39-JRG<br><br>**CONSOLIDATED LEAD CASE** |
| TIERRA INTELECTUAL BORINQUEN, INC.<br><br>                                  Plaintiff,<br><br>    v.<br><br>TOSHIBA CORPORATION, et. al.,<br><br>                                  Defendants | CASE NO. 2:13-cv-47-JRG<br><br>JURY TRIAL DEMANDED |

**TOSHIBA'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
TOSHIBA'S EXPERT DECLARATION**

      TIB's motion to strike the declaration of Sandeep Chatterjee, Ph.D., should be rejected as contrary to this Court's precedent and the Local Patent Rules.  The very opinion that TIB relies on in support of its motion — *Lodsys LLC v. Brother International Corp.*, No. 2:11-cv-90, D.N. 573, 2013 WL 6442185 (E.D. Tex. Mar. 12, 2013) — does not support TIB's motion. Indeed, *Lodsys*, as well as Judge Ward's opinion in *Tyco Healthcare Group LP v. E-Z-EM, Inc.*, No. 2:07-cv-262, D.N. 292 (E.D. Tex. Jan. 11, 2010), both support denial of TIB's motion.

      Moreover, TIB's argument that Toshiba's earlier patent disclosures referenced a different proposed construction for the term "measureable variable input" is a red herring, and should not

1

change the outcome of the analysis under *Lodsys*. Toshiba properly disclosed in the P.R. 4-2 disclosures and the Joint Claim Construction Chart that Mr. Chatterjee would opine on the meaning of "measureable variable input," and with that information in-hand, TIB did not object to the extent of the disclosure or request his deposition. Instead, TIB waited until after receiving Toshiba's responsive claim construction brief to object to Toshiba's reliance on Mr. Chatterjee's declaration. Yet, even at that point in time, TIB still had the opportunity to respond to Toshiba's arguments and Mr. Chatterjee's declaration in its Reply brief.

Having failed to object to Toshiba's reliance on the intended declaration by Mr. Chatterjee at a time when Toshiba could have done something to remedy the objection or seek clarification from the Court, TIB now seeks the unfair and prejudicial result of excluding the declaration altogether. Given that TIB has identified no prejudice from Toshiba's reliance on Mr. Chatterjee's declaration nor identified how TIB would have been differently situated had a more fulsome summary been previously disclosed, this Court should deny TIB's motion.

I. **TOSHIBA COMPLIED WITH THE PATENT LOCAL RULES AND THIS COURT'S PRECEDENT.**

    A. **Toshiba complied with the express requirements of P.R. 4-2 and 4-3.**

Toshiba complied with both P.R. 4-2 and P.R. 4-3, as those rules have been interpreted by the Court. Patent Rule 4-2(b) makes clear that it requires "preliminary" claim constructions and an "identification" of extrinsic evidence, including only a "brief description" of the testimony:

> At the same time the parties exchange their respective Preliminary Claim Constructions," they shall each also provide a ***preliminary identification of extrinsic evidence***, including without limitation, dictionary definitions, citations to learned treatises and prior art, ***and testimony of percipient and expert witnesses they contend support their respective claim constructions.*** The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously

> produced. ***With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.***

Toshiba complied with P.R. 4-2 by disclosing its preliminary construction and that it would rely on testimony by Mr. Chatterjee with respect to Toshiba's proposed construction of "measureable variable input," which was that the term was indefinite, or alternatively, "a continuous input that varies over time and can be measured." *See* D.N. 102-1 at 3 (Toshiba's proposed construction) & 3-4 (citation to testimony of Sandeep Chatterjee). Thus, Toshiba fully complied with P.R. 4-2.

Similarly, Toshiba also complied with P.R. 4-3, which sets forth the requirements of the Joint Claim Construction Chart and Prehearing Statement:

> (b) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, ***and an identification of any extrinsic evidence*** known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, ***and testimony of percipient and expert witnesses;***
>
> . . . .
>
> (d) Whether any party proposes ***to call one or more witnesses***, including experts, ***at the Claim Construction Hearing***, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and . . . .

Thus, P.R. 4-3(b) requires an "identification" of "testimony of percipient and expert witnesses," but does not explicitly require anything more. In contrast, P.R. 4-3(d) expressly requires a "a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition" when a party intends "to call one or more witnesses . . . at the Claim Construction Hearing," but does not provide for such a requirement for witnesses that will not be called at the

3

Hearing.  In the P.R. 4-3 Joint Claim Construction Chart, Toshiba identified the testimony of an expert witness that it intended to offer by declaration, Sandeep Chatterjee, but did not identify any witness that it would call at the Claim Construction Hearing.  *See* D.N. 89.  Thus, a detailed summary of an expert's declaration prior to disclosure of the declaration is not expressly required by any section of P.R. 4-3, and Toshiba complied with the requirements of P.R. 4-3.

### B.     Toshiba complied with the Patent Rules as they have been interpreted by the Court.

TIB premises its motion on this Court's opinion in *Lodsys LLC. v. Brother International Corp.*, No. 2:11-cv-90 (JRG), D.N. 573, 2013 WL 6442185 (E.D. Tex. Mar. 12, 2013), but that case does not support TIB's position.  In *Lodsys*, Samsung's 4-2 disclosure stated only that the Samsung defendants reserve the right "to submit an expert declaration in support of their claim construction positions." *Lodsys*, 2013 WL 6442185, at *1.   Samsung did not specifically identify a particular expert or identify which claim terms the expert might opine on.  *Id.* at *2.  This Court held that,

> The purposes of Patent Rule 4–3(b) is to ensure that each party makes a substantive and informative disclosure of any intended sworn declaration which they may seek to rely upon in their claim construction briefing. Samsung has not done this. Samsung may not merely drop a *hint* that it *may* use such a declaration to support its briefing. ***It must rather clearly indicate in the Joint Claim Construction Chart and Prehearing Statement that it intends to rely on a sworn declaration; identify the declarant; and identify the precise disputed claim terms which will be addressed thereby***.  To do anything less makes Patent Rule 4–3(b) essentially meaningless.

*Id.* (emphasis added).  Thus, *Lodsys* clearly sets forth three requirements for proper disclosure of an expert declaration:  (1) a statement of an intention to rely on a sworn declaration; (2) identify the declarant; and (3) identify the precise disputed claim terms which will be addressed by the declarant.  *Id*.

In the present case, Toshiba satisfied each of these three requirements. In both the P.R. 4-2 disclosures and the P.R. 4-3 Joint Claim Construction Chart and Prehearing Statement, Toshiba disclosed that it intended to rely on a declaration in support of its claim construction position, specifically identified Mr. Chatterjee as the declarant, and identified the precise disputed claim terms which would be addressed. *See* D.N. 87 (notice of P.R. 4-2 disclosure); D.N. 102-1 at 3-4 (P.R. 4-2 disclosure); D.N. 89-1 at PageID 856 (P.R. 4-3 disclosure). Thus, Toshiba's disclosures comply with this Court's requirements set forth in *Lodsys*.

Moreover, Toshiba's disclosure of Mr. Chatterjee's declaration with its claim construction brief is supported by the approach outlined by Judge Ward in *Tyco Healthcare Group LP v. E-Z-EM, Inc.*, No. 2:07-cv-262, D.N. 292 (E.D. Tex. Jan. 11, 2010) (J. Ward). In *Tyco*, one party objected to the other party's "plan to submit an expert declaration with their . . . *Markman* brief after the close of claim construction discovery." *Id.* The objecting party "argue[d] that P.R. 4-3(b)-(d) requires disclosure of an expert declaration with the joint claim construction and prehearing statement prior to the close of claim construction discovery." Judge Ward concluded that this reading of P.R. 4-3 was incorrect, and that the parties "are required to disclose a detailed summary of their expert witness's testimony [in their Rule 4-3 statement] ***only*** if they intend to offer his testimony ***during the Markman hearing***." *Id.* (emphasis added). Thus, the facts underlying TIB's motion are more like those of *Tyco* than *Lodsys*, and the holding of *Tyco* confirms that it is appropriate under the Patent Rules for a party to provide the expert's declaration at the same time as the party's claim construction brief.[1]

---

[1] This Court discussed Judge Ward's *Tyco* decision in *Lodsys*, but did not reject its reasoning or conclusion. *Lodsys*, 2013 WL 6442185, at *1. Rather, this Court distinguished the facts in *Tyco* from those in *Lodsys* on the grounds that Samsung had not clearly specified that it would rely on an expert declaration, had not identified the expert, and had not specified which disputed terms would be the subject of the expert's opinion. *Id*. at *2.

5

### II. TIB DID NOT TIMELY OBJECT TO TOSHIBA'S INTENDED RELIANCE ON THE CHATTERJEE DECLARATION, AND IN ANY EVENT, WILL NOT BE PREJUDICED BY IT.

Despite Toshiba having disclosed that it intended to rely on a declaration by Mr. Chatterjee for the construction of "measureable variable input" in both the P.R. 4-2 and 4-3 disclosures, TIB did not object until after Toshiba had prepared and relied on the declaration in its responsive claim construction brief. If TIB had objected at the appropriate time, Toshiba could have at least had the opportunity to seek clarification of the requirements from the Court or met TIB's objection with an additional disclosure. TIB also could have deposed Mr. Chatterjee, but did not notice a deposition. Instead, TIB made the strategic choice to ambush Toshiba with a motion to strike the declaration after Toshiba had prepared and relied on it.

While it is true that the proposed construction changed between the time of the Joint Statement and the responsive brief, that change was a direct result of Toshiba's continued good faith efforts to meet and confer with TIB to reach agreement on the proposed constructions and narrow the issues in dispute. These efforts resulted in additional agreements regarding four disputed terms, and thus substantially reduced the burden on the Court. *See* D.N. 95 (reflecting agreement by all parties on three additional terms and revising the agreed construction on one previously agreed term). Moreover, with respect to the term "measureable variable input," Toshiba's revised construction addressed the two objections raised by TIB, namely that it be "continuous" and "varies over time." *See* D.N. 93 at 12. Thus, it seems that TIB recognizes the benefit of continued meet and confer and narrowing of issues when it suits its own objectives, but disregards it otherwise. If litigants were not permitted some reasonable degree of freedom to propose alternative constructions after the filing of the Joint Statement, particularly where the proposed changes address objections by an opposing party and therefore narrow the issues in dispute, litigants would have less incentive to continue to meet and confer and narrow the issues

for the Court to resolve. Toshiba respectfully asserts that this would be an unwelcome outcome for both litigants and the Court.

Lastly, TIB has not identified how it will be prejudiced by the Court's consideration of Mr. Chatterjee's declaration. TIB had the opportunity to address Mr. Chatterjee's declaration in its Reply brief. Indeed, during meet and confer, Toshiba agreed to not oppose a request by TIB for additional pages in its Reply to address the issues raised in Toshiba's portion of the claim construction brief or Mr. Chatterjee's declaration. Thus, Toshiba has consistently sought to provide the required disclosures, meet and confer to narrow the issues in dispute wherever possible, and permit TIB's full discovery of and response to Toshiba's positions.

## III. CONCLUSION

For the foregoing reasons, TIB's motion to strike the declaration of Sandeep Chatterjee should be denied.

Dated: May 2, 2014                     Respectfully Submitted,

/s/ Katie J.L. Scott
Katie J.L. Scott
California State Bar No. 233171
Gabriella Ziccarelli
California State Bar No. 292226
DICKSTEIN SHAPIRO LLP
1841 Page Mill, Suite 150
Palo Alto, CA 94304
Telephone: (650) 690-9500
Facsimile: (650) 690-9501
Email: ScottK@dicksteinshapiro.com
         ZiccarelliG@dicksteinshapiro.com

Jeffrey K. Sherwood
Texas Bar No. 24009354
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
Email: SherwoodJ@dicksteinshapiro.com

Michael Charles Smith
Texas Bar No. 18650410
Siebman Burg Phillips & Smith, LLP-Marshall
P O Box 1556
Marshall, TX 75671-1556
Telephone: 903-938-8900
Fax: 972-767-4620
Email: michaelsmith@siebman.com

**ATTORNEYS FOR DEFENDANTS
TOSHIBA CORPORATION AND
TOSHIBA AMERICA INFORMATION SYSTEMS, INC.**

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 2, 2014 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).

*/s/ Katie J.L. Scott*
Katie J.L. Scott